Case 2:17-cv-05693-E
FILED
CLERK, U.S. DISTRICT COURT
NOV 17 2017
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

1 | KING, HOLMES, PATERNO & SORIANO, LLP
  | HOWARD E. KING, ESQ., STATE BAR NO. 77012
2 | SETH MILLER, ESQ., STATE BAR NO. 175130
  | SMILLER@KHPSLAW.COM
3 | 1900 AVENUE OF THE STARS, 25TH FLOOR
  | LOS ANGELES, CALIFORNIA 90067-4506
4 | TELEPHONE: (310) 282-8989
  | FACSIMILE: (310) 282-8903
5 |
  | Attorneys for Plaintiff/Counterdefendant
6 | VERY GOOD TOURING, INC.
7 |
8 | P. K. SCHRIEFFER LLP
  | PAUL K. SCHRIEFFER, ESQ., STATE BAR NO. 151358
9 | PKS@PKSLLP.COM
  | WAYNE H. HAMMACK, ESQ., STATE BAR NO. 202709
10| WHH@PKSLLP.COM
  | 100 NORTH BARRANCA STREET, SUITE 1100
11| WEST COVINA, CALIFORNIA 91791
  | TELEPHONE: (626) 373-2444
12| FACSIMILE: (626) 974-8403
13| ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIMANTS, CATHEDRAL
  | SYNDICATE: 2010, A.K.A. CATHEDRAL SYNDICATE MMX, AT LLOYD'S OF
14| LONDON, A FOREIGN COMPANY; LIBERTY SYNDICATE 4472 AT LLOYD'S OF
  | LONDON, A FOREIGN COMPANY; XL CATLIN SYNDICATE 2003 OF LLOYD'S
15| OF LONDON, A FOREIGN COMPANY; MARKEL SYNDICATE 3000 OF LLOYD'S
  | OF LONDON, A FOREIGN COMPANY; ALLIANZ GLOBAL CORPORATE &
16| SPECIALTY SE, A FOREIGN COMPANY (ERRONEOUSLY SUED AS ALLIANZ
  | SYNDICATE OF LLOYD'S OF LONDON, A FOREIGN COMPANY)
17|
18|                UNITED STATES DISTRICT COURT
19|        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
20|
21| VERY GOOD TOURING, INC.,              | CASE NO. 2:17-cv-05693-E
                                          | Hon. Charles F. Eick, United States
22|              Plaintiff,                | Magistrate Judge, Courtroom 750
23|       vs.                              | **DISCOVERY MATTER:**
24| CATHEDRAL SYNDICATE: 2010 OF          | [~~PROPOSED~~] PROTECTIVE
  | LLOYD'S OF LONDON, a foreign          | ORDER
25| company; LIBERTY SYNDICATE            |
  | 4472 OF LLOYD'S OF LONDON, a          |
26| foreign company; XL CATLIN            | Action Commenced: August 1, 2017
  | SYNDICATE 2003 OF LLOYD'S OF          |
27| LONDON, a foreign company;            |
  | MARKEL SYNDICATE 3000 OF              |
28| LLOYD'S OF LONDON, a foreign          |

4642.017/1244518.2
[PROPOSED] PROTECTIVE ORDER

| | |
|---|---|
| company; ALLIANZ SYNDICATE OF LLOYD'S OF LONDON, a foreign company, | |
| Defendants. | |

AND RELATED COUNTERCLAIM

IT IS HEREBY ORDERED that a Stipulated Protective Order will govern the production and exchange of confidential information in the above-captioned case on the following terms:

**TERMS OF THE STIPULATED PROTECTIVE ORDER**

**1.  PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Certain materials which may have been, or hereafter may be, presented produced for inspection or copying, or provided or referenced in propounded in discovery or set out in discovery responses, are also governed by written non-disclosure agreements involving parties hereto ("NDA"). Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.  DEFINITIONS**

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and maybe disclosed only to the persons described in Paragraph 7.2 below:

2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   For the purposes of this Order, the words "document" and "documents" are used in the broadest possible sense and refer, without limitation, to documents as they are defined in Fed. Rule of Civ. Pro. 34(a)(1)(A) and 34(b)(2)(B).

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record any other outside counsel. Such House Counsel shall fill out and execute the form of Acknowledgement and Agreement to Be Bound, in the form attached hereto as Exhibit A before reviewing or inspecting any CONFIDENTIAL Information or Items.

2.9   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10  Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action as counsel of record on behalf of that party or are directly

affiliated with a law firm which has appeared of record on behalf of that party.

2.11 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries; or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Nothing in this Order shall serve to relieve any Party, or their agents and representatives, or any person required to sign Exhibit "A" hereto (Acknowledgment and Agreement to Be Bound) from the obligations owed under any written NDA.

5. **DESIGNATING PROTECTED MATERIAL**

    5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second subparagraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, applicable the legend "CONFIDENTIAL" to each page that contains protected material, or by cover letter designation identifying the page numbers of the production that the party designates by any of such respective levels of confidentiality. All documents produced in discovery shall be sequentially numbered with no numbers repeated in a numbering sequence to be agreed upon by the parties. Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Responses to interrogatories, requests for production of documents, or requests for admissions, or the propounded interrogatories, requests for production of documents or requests for inspection, may be designated as "CONFIDENTIAL" by clearly labeling them as such in the body of the propounded discovery or the discovery response. Any confidential electronically stored information produced on magnetic disks or other computer-related media may be designated as such by labeling each disk "CONFIDENTIAL" prior to or contemporaneous with the production or presentation for inspection . Electronic or native documents or information shall be similarly labeled where practicable, and where not practicable, written notification by a producing party that

KING, HOLMES, PATERNO & SORIANO, LLP

4642.017/1244518.2

6

[PROPOSED] PROTECTIVE ORDER

1 | it is producing materials as confidential shall suffice for treatment as provided
2 | herein.
3 |     A Party or Non-Party that makes original documents or materials available for
4 | inspection need not designate them for protection until after the inspecting Party has
5 | indicated which material it would like copied and produced. During the inspection
6 | and before the designation, all of the material made available for inspection shall be
7 | deemed "CONFIDENTIAL." After the inspecting Party has identified the
8 | documents it wants copied and produced, the Producing Party must determine which
9 | documents, or portions thereof, qualify for protection under this Order. Then,
10 | before producing the specified documents, the Producing Party must affix the
11 | "CONFIDENTIAL," legend to each page or portion that contains Protected
12 | Material. If only a portion or portions of the material on a page qualifies for
13 | protection, the Producing Party also must clearly identify the protected portion(s)
14 | (e.g., by making appropriate markings in the margins).
15 |     (b) for testimony given in deposition or in other pretrial or trial
16 | proceedings, that the Designating Party identify on the record, before the close of
17 | the deposition hearing, or other proceeding, all protected testimony may be
18 | designated as "CONFIDENTIAL," by making a statement to that effect on the
19 | record at the deposition or by notifying the court reporter and all counsel in writing
20 | of the testimony that is designated "CONFIDENTIAL," no later than twenty (20)
21 | days after the date that the court reporter notifies the witness and all counsel that the
22 | transcript is available for the witness to review and correct. Until the expiration of
23 | the above-stated time period, the parties shall treat all testimony given at the
24 | deposition as confidential. Any testimony that describes a document designated as
25 | "CONFIDENTIAL" hereunder shall be deemed to have the same confidential
26 | designation as the document it describes. Upon a party identifying the testimony as
27 | "CONFIDENTIAL" as provided herein prior to preparation of the transcript, the
28 | court reporter shall prepare the transcript of the testimony in a separate binder

KING, HOLMES,
PATERNO &
SORIANO, LLP

4642.017/1244518.2      7
[PROPOSED] PROTECTIVE ORDER

designated as confidential as provided herein. Testimony designated as "CONFIDENTIAL" after the transcript is prepared shall be maintained as confidential, and counsel will be responsible for marking the copies of the transcript in their possession or under their control as "CONFIDENTIAL" as applicable in accordance with the designation. Deposition testimony of the Parties to this action, including deposition transcripts, any videotape or other audio or audiovisual recordings of depositions, and any summaries or extracts thereof, shall only be used for purposes of Court hearings in this action, subject to the terms of this Order, including Paragraph 14.3 of this Order regarding filing under seal, and shall not otherwise be used or disclosed to any person for any purpose whatsoever.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," as applicable. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention: If the Parties cannot resolve a challenge without Court intervention, the Receiving Party ("Challenging Party") shall file and serve a motion to eliminate or lessen the degree confidentiality, or to limit the scope of information to be afforded confidentiality as designated by a producing Party or Non-Party, under Civil Local Rules 7-1 through 7-20 (and in compliance with Civil Local Rule 79-5, if applicable) within, to the extent practicable, 35 days of the initial notice of challenge or within 21 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. In addition, the Challenging Party may file a motion challenging a confidentiality designation, or its level of confidentiality, at any time if there is good cause for doing so, including a

challenge to the designation of a deposition transcript or any portions thereof. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for the purpose of the prosecution, defense, or efforts directly relating to settlement of this action, including any appeals, and for no other purpose, except as may be the subject of a further order of this Court. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Prior to receiving any Protected Materials, as applicable to the level of confidentiality designated, each "qualified person" under subparagraphs 7.2 (a) through 7.2 (i) below, shall be provided with a copy of this Order, and disclosing counsel shall have the witness execute a nondisclosure agreement in the form of "Acknowledgment and Agreement to Be Bound" (Exhibit A). Disclosing counsel shall retain the signed copies of the "Acknowledgment and Agreement to Be Bound" Exhibit A in its file for at least six (6) years after termination of this action. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

      (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided that such person has filled in and executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and provided that such expert has filled in and executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d) the Court and its personnel;

      (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation, provided they have filled in and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have filled in and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Only qualified persons listed under subparagraphs 7.2(a) through 7.2(i) below, who have filled in and executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and counsel for a Party or of a witness may attend depositions at which Protected materials of the level of confidentiality designated are used or discussed.

      (g) the author or recipient of a document containing the information or

a custodian or other person who otherwise possessed or knew the information.

(i) individual parties of record, if any (none to date).

## 8. INDEPENDENT DISCOVERY OF PROTECTED MATERIAL

Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such a party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Protected Material as it deems appropriate.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, or a court order or any motion or petition issued, field or served in other litigation (which term includes arbitration) that purports or seeks to compel disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena, motion, petition or order to issue or be served or filed in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with or given notice of the subpoena, petition, motion, or court order shall not produce any information designated in this action as "CONFIDENTIAL," before a determination by the applicable court or tribunal from which the subpoena or order issued, or in connection with such motion, petition or application, is made, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court or tribunal of

Case 2:17-cv-05693-E

its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or tribunal. Failure to give timely and seasonable notice to a Designating Party a subpoena, motion, petition, or application for order in such other court or such tribunal proceeding, may result in this Court imposing upon the Receiving Party the costs of the Designating Party seeking to remedy the failure to give timely notice.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by, the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections or remedies.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court

KING, HOLMES, PATERNO & SORIANO, LLP  
4642.017/1244518.2  
13  
[PROPOSED] PROTECTIVE ORDER

within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary or contractual provision to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, or Information or Items entitled to designation as one of the three levels of confidentiality provided herein, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client

privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. If Protected Material, including any portion of a deposition transcript designated as "CONFIDENTIAL," is included in any papers to be filed with the Court, such papers shall be submitted for filing with the Court along with an application and proposed order to file the papers under seal in compliance with Local Rule 79-5.1. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

## 14. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy' such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

written certification to the Producing Party (and, if not the same person or entity; to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision; Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). If any Projected Material is retained by a Receiving Party's counsel, as permitted under this Paragraph 15, then such counsel for the Receiving Party shall retain copies of the Acknowledgment and Agreement to Be Bound (Exhibit A) for each person who reviewed or received such Protected Information for six (6) years after the last date any Protected Material retained by such counsel is finally destroyed or returned to the designating party without copies being retained.

KING, HOLMES, PATERNO & SORIANO, LLP

4642.017/1244518.2

16

[PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of Very Good Touring, Inc. v. Cathedral Syndicate, et al, case number: 2:17-cv-05693-E. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I acknowledge and agree that said Court shall have personal jurisdiction over me in connection with any such proceedings, by reason of any action or omission with respect to the Stipulated Protective Order, regardless of where such actions or omissions are committed, including whether in or outside the Central District of California, or outside the United States, in light of the prospect that compliance or non-compliance with such Stipulated Protective Order has impact on persons or interests in the Central District of California.

/ / /
/ / /
/ / /
/ / /

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

| | | |
|---|---|---|
| 1 | | **ORDER** |
| 2 | IT IS SO ORDERED. | |
| 3 | | |
| 4 | Dated: 11/17/17 | By: /s/ |
| 5 | | The Honorable Magistrate Judge Charles F. Eick |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |